IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES HENRY CARR, JR., | | No. CIV S-05-1139-LKK-CMK-P |
| Plaintiff, | | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| MARGARITA PEREZ, et al., | | |
| Defendants. | | |
| _____ / | | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

## I.  BACKGROUND

Plaintiff names as defendants to this action Margarita Perez and Susan Fisher, both of whom are members of California's parole board.[1]  Plaintiff alleges various procedural defects in his parole determination hearings and asserts:

> I am suffering irreparable harm in the form of continued mental pain and suffering due to the Defendants' improper findings and decisions at my Aug. 11, 2004, parole hearing, which resulted in the de facto conversion of my sentence of life with parole to life without parole.

Plaintiff seeks declaratory and injunctive relief.

## II.  DISCUSSION

Plaintiff's complaint suffers from two fatal defects.  First, the complaint names defendants who enjoy absolute immunity.  Second, the complaint's substantive allegations are not cognizable under § 1983.

### A.    Absolute Immunity

Because ". . . parole board officials perform functionally comparable to tasks to judges when they decide to grant, deny, or revoke parole," parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications.  See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); see also Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).  Therefore, all named defendants are entitled to absolute immunity and this action should be dismissed in its entirety for this reason alone.

### B.    Cognizability of Claims

When a state prisoner challenges the legality of his custody and the relief he seeks

---

[1] The court's docket incorrectly indicates that the California Board of Prison Terms is also a named defendant.  It is not.

is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Similarly, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); see also Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff essentially alleges that defendants' conduct has resulted in improper continued confinement. In particular, plaintiff states that defendants' conduct resulted in his term being converted from one with the possibility of parole to one without any such

possibility.  Moreover, plaintiff challenges defendants' alleged "improper findings and decisions."  If plaintiff were to prevail in this action, such a result would necessarily imply that, in fact, the parole determination was invalid..  Thus, plaintiff's allegations of procedural defects in his parole hearings are an attempt to challenge the substantive denial of parole and plaintiff's resulting continued incarceration.  Therefore, the claims as against all defendants are not cognizable under § 1983.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed  without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   November 2, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE